GEORGE C. RICHARDSON vs. WILLIAM W. TOBEY & another.

If a partnership is dissolved by consent, and two of the partners are charged with a specific amount of the goods on hand, which they take with an agreement to furnish in payment therefor an equivalent amount in money, and contribute as their respective proportions of the capital of a new partnership formed by them and others, to which the residue of the goods of the old firm are sold, and it afterwards appears that the old firm was insolvent, and thereupon the new firm is dissolved and the business continued by the solvent partners, who give their notes to the others for the amounts so contributed by them in goods, and the old firm afterwards goes into insolvency, the proceeds of the notes when collected by the assignee are assets of the private estates of the two partners, although neither of them ever paid to the old firm the amount of the goods so withdrawn.

PETITION by the assignee in insolvency of the firm of Tobey, Sampson & Co., praying for a reversal of a decree of the judge of insolvency for the county of Suffolk, ordering the petitioner to account for certain funds as assets of the separate estates of two of the members of that firm.

At the hearing in this court, it appeared that the firm of Tobey, Sampson & Co. agreed to dissolve their partnership on the 31st of December 1858, and that William W. Tobey, one of the partners, should take and be charged with goods to the amount of $10,000, and that Charles E. Minot, another of the partners, should take and be charged with goods to the amount of $5000, subject to a deduction of fifteen per cent., they furnishing money from the new firm of Tobey, Foster & Co., which they with others were about to form, or otherwise, to the amount of the goods so withdrawn, and that the residue of the goods on hand should be sold to the new firm; and Tobey and Minot accordingly formed a new partnership with Joseph A. Foster and Charles W. Badger, under the firm of Tobey, Foster & Co., and the entire stock of goods of Tobey, Sampson & Co. was transferred to the new firm, in accordance with the arrangement as above set forth, and Tobey was credited on the books of the new firm with the sum of $8500, and Minot with the sum of $4250, those being the sums at which it was agreed that the goods which they had severally contributed should be taken; and it subsequently appeared that the firm of Tobey, Sampson

& Co. was insolvent; whereupon, on or about the 1st of April 1859, the firm of Tobey, Foster & Co. was dissolved, and Foster and Badger formed a new partnership, taking the property and assuming the liabilities of the firm of Tobey, Foster & Co., and giving their notes payable in twelve months to Tobey and Minot respectively for the sums of $8500 and $4250, for the amounts with which they were credited on the books as aforesaid; and on the 19th of April 1859, no payment having been made by Tobey or Minot for the goods taken by them, Tobey, Sampson & Co. filed their petition in insolvency, and the petitioner was chosen assignee, and collected at maturity the notes given by Foster & Badger, and was ordered by the judge of insolvency to account for the proceeds as assets of the private estates of Tobey and Minot respectively.

Upon these facts, the chief justice ordered the petition to be dismissed; and the petitioner appealed to the whole court.

*A. S. Wheeler*, for the petitioner, cited Colly. Part. § 822; 2 Story on Eq. § 1206; *Allen* v. *Wells*, 22 Pick. 450; *Harmon* v. *Clark*, 13 Gray, 114; *Douglas* v. *Winslow*, 20 Maine, 89.

*A. H. Fiske*, for the respondents.

BIGELOW, C. J. We can see no ground on which it can be maintained that the notes which were given to Tobey and Minot individually, in payment for the capital which they had severally contributed in the form of merchandise to the firm of Tobey, Foster & Co., can be regarded as joint estate of the old firm of Tobey, Sampson & Co., and appropriated to the payment of their partnership debts. The effect of the agreement among the members of the old firm, that Tobey and Minot should be charged with specific sums as their shares of the goods on hand at the time of the dissolution, which they were to contribute as their respective proportions of the capital of the new firm, amounted to a conversion of the partnership property into the separate estate of each of the copartners, to the extent to which they were charged therewith on the books of the firm. It was equivalent to a sale of that amount of joint property to each of them respectively, and having been done *bona fide* it operated to vest in them individually so much of the joint es-

tate. When they transferred it to the new firm it became partnership property, the title of which vested in all the members jointly, and the old copartners retained no right or interest in it as assets of the original firm. They had no lien upon it for the payment of the joint debts. It was the plain intent of the parties that it was to vest absolutely in Tobey and Minot respectively, in order that the title to it might be passed over by them to the new firm as part of their stock in trade. The facts of the case bring it clearly within the principle settled in *Howe* v. *Lawrence*, 9 Cush. 553. The joint creditors have no claim on partnership property after it has been converted into separate estate by a *bona fide* transfer to individual members of the firm.

It was urged by the petitioner, that the effect of the agreement between the members of the old firm was to fasten a trust for the payment of the debts of that firm on that portion of the partnership property which was charged to Tobey and Minot, which trust the assignees might enforce for the benefit of the creditors of the firm, according to the doctrine stated in *Harmon* v. *Clark*, 13 Gray, 114. But we can see no evidence of any such trust. On the contrary, such an interpretation of the contract would defeat the main object which the parties had in view. The merchandise was to belong to the new firm absolutely, to be disposed of in the ordinary course of trade. No trust, therefore, was affixed to the specific property, as was the case in *Harmon* v. *Clark*. Nor was any lien or claim to exist on the interest of Tobey and Minot in the new firm, in behalf of the old copartnership or its creditors. To the validity of any such lien or claim, the assent of Foster and Badger, the other copartners, was essential, because it would materially affect their rights and interests as members of the new firm, if the members of the old copartnership or its creditors could enforce such a trust on a portion of such property as assets which belonged to tha firm. No such assent is shown, and none can be implied from the terms of the agreement or the facts in proof. The stipulation that Tobey and Minot should furnish money from their new firm or otherwise to the amount of the goods taken by them, for the payment of the debts of the old copartnership, was only a

personal covenant or agreement, for the performance of which they alone were responsible, and which in no way bound the new firm or fastened any trust on the interest of any of its members in its property or assets. *Petition dismissed.*